IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:06-cr-149-WKW |
| | ) | (WO) |
| TIMOTHY ALGERNON JOHNSON | ) | |
| ALTHEA MOORE | | |

# **O R D E R**

On August 31, 2006, defendant Timothy A. Johnson ("Johnson") filed an Unopposed Motion to Continue Trial (Doc. # 35), and on September 25, 2006, defendant Althea Moore ("Moore") filed a Motion to Continue (Doc. # 37). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. § 3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

In Johnson's motion to continue, his counsel asserts that additional time is necessary to allow both the Magistrate Judge and the undersigned district judge to fully consider and rule on the pending motion to suppress evidence, which was heard before the Magistrate

Judge on August 28, 2006. (Doc. # 35.) In Moore's motion to continue, her counsel asserts that, due to a recent surgery, Moore is physically unable to travel to Montgomery, Alabama, for trial on October 16, 2006. (Doc. # 37.) The government does not oppose the motions to continue the trial date. Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991) (reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED that:

1. The motions to continue trial (Docs. # 35 & 37) are GRANTED.

2. The trial of this case is continued from the October 16, 2006, trial term to the January 8, 2007, trial term.

3. The Magistrate Judge conduct a pretrial conference prior to the January 8, 2007, trial term and enter a pretrial conference order.

DONE this 2nd day of October, 2006.

                                        /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE