IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | 1:06cr149-WKW |
| | ) | |
| ALTHEA MOORE | ) | |

## MOTION TO SUPPRESS

COMES NOW, the Defendant, Althea Moore, by and through her undersigned attorney and moves this honorable court to suppress the physical evidence that was allegedly found as a result of a search of her home at 508 Victoria Drive in Enterprise, Coffee County, Alabama.

## FACTS

District Judge Sherling, Judge of Coffee County, Alabama issued a search warrant to Officer Mason of the police department of Enterprise, Alabama, for the search of the defendant's residence located at 508 Victoria Drive in Enterprise, Alabama. The search warrant is attached hereto and incorporated herein as Exhibit A. Officer Mason affirmed in Exhibit A that he had probable cause to believe that cocaine was located at the above address and as grounds for so believing stated, inter alia,

> Within the past twenty four hours a confidential informant, who has provided information in the past has led to the recovery of narcotics and the arrest of drug offenders, was at 508 Victoria Drive, Enterprise, Coffee County, Al and observed cocaine. The informant had purchased cocaine and marihuana from that location several times in the past from the individual listed in this affidavit. Sgt Byron Caylor also received information within the past three weeks that large amounts of illegal drugs were being kept at this residence.

The individuals named in the affidavit signed by the above named officer were

Kelsey Moore, Santa Moore and Althea Moore.

The affidavit is deficient in that, inter alia, the alleged confidential informant did not state, according to the affidavit that she or he had been in the house and saw drugs, or that the "buy" was at the direction of any law enforcement officer, nor that the informant was wired or video taped or verified in any way.  From whom did the informant purchase the drugs, and on what date.  To verify the information, the affidavit stated that another officer had been told within the last three weeks that drugs were kept in the residence.  By whom? When?

## DISCUSSION

The Defendant has the right to expect privacy and security in her own home. The Fourth amendment provides that a person has the right to be secure in their home and be secure from unreasonable searches and seizure.

In **Illinois v. Gates,**  462 U.S.213 (1983) the Supreme Court held that for a search and seizure to be Constitutional there must be probable cause to search.  The warrant must demonstrate that there is a fair probability that contraband would be found in the premises to be searched. In **U.S. v.Lockett,** 674 F.2d 843 (11th Cir 1982), the Eleventh Circuit Court of Appeals warned that knowledge of a defendant's possession of contraband does not, without more, make reasonable a search of the defendant's residence.  There must be facts set forth in the affidavit to establish probable cause that goods are illegally possessed and a substantial basis to conclude that the instrumentalities of crime will be discovered in the search premises.  The missing link here in this case, as in *Lockett*, there are no facts set forth in the affidavit to establish the extent to which the officer(s) was able to view the residence in order to ascertain whether a contraband was

kept in the residence.  There was no allegations that the informant had been in the home within the last seventy-two hours (or any time for that matter) and had seen any contraband.

The two-pronged test in **Aguilar v Texas**, 378 U.S.108 and **Spinelli v. U.S.**, 393 U.S. 410 requires (1) revealing the informant's basis of knowledge and (2) providing sufficient facts to establish facts to establish either the informant's veracity or the reliability of the informant's report.

Did the officer give enough information to meet the two pronged-test?  Clearly not.  The affiant in the affidavit, in this case, merely stated that the confidential informant has proven reliable in the past and information given by the confidential informant has led to the recovery of narcotics and the arrest of drug offenders.  There is no other information given about the informant.  This brief verification of the veracity of the confidential informant is not enough.  There is not time reference as to when the informant has given information that led to the recovery of narcotics and the arrest of drug offenders.  It is therefore not possible to determine how recent the informant has proven reliable.  Therefore there is no reliable and clear statement regarding the reliability of the informant.

The informant only baldly stated that he or she bought drugs from persons at the residence of the defendant.  There is no detailed information contained in the affidavit demonstrating the reliability of the alleged criminal activity at the residence.  There is no person mentioned from whom the informant purchased the drugs, not time mentioned when the alleged buy went down, not description of the residence by the informant.

Was the alleged buy made at the direction of law enforcement personnel? Was the

buy taped by video or audio?  Was the buy verified in any way? Was the information given by the informant corroborated in any way? The answer to these questions is clearly no, according to the affidavit.  The only corroborating evidence is from some unknown person who three weeks (or there about) says there was drugs at the residence.

It is possible the informant bought the contraband from anybody.  The only probable cause is just the bald statement from an unknown informant that he or she purchased cocaine at the residence from someone. There is no sufficient circumstance to support a finding of probable cause.

WHEREFORE, PREMISE CONSIDERED, the Defendant prays that an evidentiary hearing be held to review the facts and circumstances regarding the search of the Defendant's home, and after such hearing, this Honorable Court grant her motion and suppress the evidence found pursuant to the search of the Defendant's residence at 508 Victoria Drive, Enterprise, Coffee County, Alabama.

Respectfully submitted on this the 31st day of October, 2006.

/s/ W. Terry Bullard
W. Terry Bullard
Attorney for Defendant
P. O. Box 398
Dothan, Alabama 356302
(334) 793-5665
tbullaard@aol.com

## **CERTIFICATE OF SERVICE**

      I, W. Terry Bullard, hereby certify that I have on the 1st day of November, 2006, served a copy of the foregoing upon the honorable Clark Morris, Assistant United States Attorney, by electronically filing the same.

                                                /s/ W. Terry Bullard
                                                OF COUNSEL